## Case No. 9,140.

### MARSTELLER v. McCLEAN.

[2 Cranch, C. C. 8.] 1

Circuit Court, District of Columbia. July Term, 1810.

APPEAL — AMENDMENT PENDING — CLERICAL OR JUDICIAL ERRORS.

1. While the cause is depending in the supreme court of the United States, the circuit court will not permit the declaration, which was substantially defective, to be amended.

2. After a writ of error returned, the court below can only permit clerical or judicial errors in the process or pleadings, to be amended.

Motion by E. J. Lee, for plaintiff, to amend the declaration, by inserting the time of the death of Hunter, the cause being now pending in the supreme court. Mr. Lee cited 3 Mod. 113; 1 Tidd, Prac. 662; 8 Coke, 162; 3 Term R. 349; Id. 749; Doug. 114; Cowp. 841; 1 Strange, 136; [Burrows v. Heysham] 1 Dall. [1 U. S.] 134; [Fury v. Stone] 2 Dall.

[2 U. S.] 184; 1 H. Bl. 643; 2 Johns. 184; 1 Stat. 73.

C. Sims, contrà. The amendment prayed is the insertion of a fact, (after judgment on the demurrer and a writ of error thereon,) which would defeat the demurrer. All the cases cited are of amendments of errors in the process or proceedings, by the clerk or of the courts; such as omissions in rendering the judgment upon a verdict, &c. There must be something to amend by. There is no instance of an amendment of a defective declaration, or plea, after error. The parties must be bound by their own pleadings. This is not an act of the court or of the clerk.

E. J. Lee, in reply. This is not assigned as a special cause of demurrer. It is a general demurrer. The case in Strange is the act of the party; so in the case where the letter of attorney was amended.

THE COURT (THRUSTON, Circuit Judge, absent) refused the amendment: it being a case where matter of substance is omitted in the declaration; not an error in process, or a clerical or judicial error.